UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>     Plaintiff,<br><br>  v.<br><br>JEFF MACOMBER, et al.,<br><br>     Defendants. | No. 1:25-cv-00489-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 2) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint and motion to proceed in forma pauperis on April 21, 2025, in the United States District Court for the Eastern District of California, Sacramento Division. (ECF Nos. 1, 2.)

On April 28, 2025, the action was transferred to this Court. (ECF No. 4.) For the reasons explained below, Plaintiff's application to proceed in forma pauperis should be denied because he has had at least three actions or appeals dismissed as strikes and the allegations do not demonstrate that Plaintiff meets the imminent danger exception.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section

1

1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice[1] of the following United States District Court cases: (1) Cramer v. Warner, No. 2:00-mc-00099-FCD-GGH (E.D. Cal.) (dismissed for failure to state a claim on July 26, 2001); (2) Cramer v. Multnomah Cty. Sheriff Dep't, No. 3:02-cv-00141-JE (D. Or.) (dismissed for failure to state a claim on June 25, 2002); and (3) Cramer v. Schwarzenegger, No. 1:08-cv-01310-GSA (E.D. Cal.) (dismissed for failure to state a claim on April 24, 2009).[2]

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on April 17, 2025.[3] Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978).

[2] See also Cramer v. Director of Corrections, et al., No. 1:23-cv-01511-JLT-CBD (PC) (E.D. Cal. May 2, 2024) (finding plaintiff suffered three or more strikes and denying in forma pauperis).

[3] The "mailbox rule" announced by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), applies to section 1983 cases. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009). Pursuant to the mailbox rule, pro se prisoner legal filings are deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the court clerk. Id. The proof of service attached to the Complaint is dated May 8, 2024, which the Court adopts as this action's constructive filing date.

danger must still be plausible. Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing. In the instant complaint, Plaintiff complains of alleged incidents at North Kern State Prison (NKSP). Plaintiff contends that officers at NKSP "are using security threat groups (STG's) inmate/trustees gang members to enforce, control, extort[,] threaten and/or physically assault/harm/stab (victims by utilizing (STG) controlled gang members to bully inmates that also include & control the passing out supplies…" (ECF No. at 7.) Plaintiff submits that he is "continually in fear of post injuries, harm, set ups, labelled a snitch and retaliation of mental health break down." (Id. at 13.)

The "imminent danger" exception cannot be triggered solely by complaints of past harm. See Andrews, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); Allen v. Villanueva, No. 3:20-cv-02334-WQH-WVG, 2021 WL 614995, at *2 (S.D. Cal. Feb. 16, 2021) ("conclusory references to a past incident of force, without more, are insufficient to plausibly suggest Plaintiff faced an 'imminent danger of serious physical injury' at the time he filed his Complaint"); Cohea v. Davey, No. 1:19-CV-01281-LJO-SAB (PC), 2019 WL 5446490, at *1 (E.D. Cal. Oct. 24, 2019) (finding prisoner's allegations of past assaults insufficient to show "imminent danger" under 1915(g)), reconsideration denied, No. 1:19-CV-01281-NONE-SAB (PC), 2020 WL 5763929 (E.D. Cal. Sept. 28, 2020)); Blackman v. Mjening, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical"); see also Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate"). Thus, to the extent Plaintiff alleges imminent danger based on past dangers while housed at NKSP, those do not qualify.[4] Plaintiff had already been transferred to Ironwood State Prison when he filed the complaint, which is a different institution from NKSP—where the alleged incidents of

---

[4] Plaintiff is currently confined at Ironwood State Prison. (ECF No. 1.)

3

constitutional violations occurred and where Defendants are employed.  Plaintiff has not shown that he is entitled to the imminent danger exception under section 1915(g) to avoid dismissal without prejudice.

Further, the imminent danger presented to others—like the inmates identified as sexual offenders in C-2—does not qualify as an imminent danger of serious physical injury to Plaintiff. See Manago v. Cahow, No. 5:20-CV-01220 MCS (KES), 2021 WL 621093, at *1 (C.D. Cal. Jan. 6, 2021) ("While these other protective-custody inmates may plausibly face an imminent danger of serious physical injury…, the Second Amended Complaint does not plausibly allege that Plaintiff was targeted by Defendant for assault or is otherwise 'under imminent danger of serious physical injury'").

In addition, Plaintiff's imminent danger claims are speculative and since § 1915(g) requires danger that is "ready to take place" or "hanging threateningly over one's head" the complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1056.

Plaintiff's allegations relating to interference with his mail and confiscation of canteen items does not qualify as an imminent danger of serious physical injury to Plaintiff.  Prophet v. Clark, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for cases of "imminent danger of serious physical injury"); see also Bradford v. Ceballos, No. 1-20-cv-01821-SAB (PC), 2021 WL 53167, at *2 (E.D. Cal. Jan. 6, 2021) ("Plaintiff's general assertion that the alleged improper processing of his appeal caused him harm fails to demonstrate that plaintiff was 'under imminent danger of serious physical injury' when he filed the instant complaint"); Harris v. Torres, No. 1:19-cv-01171 JLT (PC), 2020 WL 1557801, at *2 (E.D. Cal. Feb. 4, 2020) (plaintiff's allegations regarding confiscation of property do not meet the imminent danger exception); Simmons v. Kishbaugh, No. 2:19-cv-1650-TLN-EFB P, 2020 WL 1853038, at *1 (E.D. Cal. Apr. 13, 2020) ("plaintiff alleges an access to courts claim … which fails to demonstrate that plaintiff was under imminent danger of serious physical injury when he filed this action"); Thomas v. Parks, No. 1:16-cv-01393-LJO-JLT (PC) 2018 WL 4373021, at *2 (E.D. Cal. Sept. 13, 2018) ("Plaintiff's allegations in this action are based largely

4

on difficulties with obtaining copies of legal documents he prepared for other inmates and his access to the law library as well as acts of harassment and retaliation …

Plaintiff's allegations do not demonstrate an imminent risk of serious physical injury at the time of filing. Therefore, Plaintiff must be required to pay the filing fee in full or have the action dismissed. Andrews, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $405.00 filing fee in full if he wishes to proceed with this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)** days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 2, 2025**

STANLEY A. BOONE
United States Magistrate Judge